## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In Re: | ) | |
|     WELDED CONSTRUCTION, L.P., et al. | ) | Chapter 11 |
|     *et al,* | ) | |
| | ) | Case No. 18-12378 (KG) |
|     Debtors and Debtor in Possession. | ) | |
| | ) | (Jointly Administered) |
| _____ | ) | |
| | ) | |
| WELDED CONSTRUCTION, L.P., | ) | Adversary Proceeding |
| | ) | |
|     Plaintiff, | ) | Adv. Pro. No. 19-50180 (KG) |
| | ) | |
| **v.** | ) | |
| | ) | |
| | ) | |
| PRIME NDT SERVICES, INC., | ) | |
| | ) | |
|     Defendant. | ) | |
| _____ | ) | |
| | ) | |
| PRIME NDT SERVICES, INC. | ) | |
| | ) | |
|     Third Party Plaintiff, | ) | |
| | ) | |
|     v. | ) | |
| | ) | |
| PROJECT CONSULTING SERVICES, INC. | ) | |
| | ) | |
|     Third Party Defendants | ) | |
| _____ | ) | |

### PRIME NDT SERVICES, INC.'S ANSWER TO PLAINTIFFS' COMPLAINT WITH AFFIRMATIVE DEFENSES

COMES NOW, Prime NDT Services, Inc. ("Prime"), by and through its undersigned counsel, and responds to the Complaint of Plaintiffs, Welded Construction, L.P. and Welded Construction Michigan, LLC, as follows:

### I.    SUMMARY OF THE ACTION

As plead, it appears that Plaintiffs' "Summary of the Action" paragraphs consist of legal

argument pertaining to their characterization of this lawsuit and their argument for why are entitled to relief.  Accordingly, it appears that the allegations contained in Plaintiffs' "Summary of the Action" are conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is deemed required, Prime generally denies Plaintiffs' "Summary of the Action" and refers to its responses to specific allegations below.

## II.    JURISDICTION AND VENUE

1.    It is admitted only that Plaintiffs filed their voluntary petition for relief under Chapter 11 of the Bankruptcy Code as stated.  As to any remaining allegations, Prime is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same and demands strict proof thereof at the time of trial.

2.    The allegations contained within the corresponding paragraph of Plaintiffs' Complaint are conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, Prime responds that this action is properly venued in the United States District Court for the District of Delaware, as explained in Prime's Motion to Withdraw Reference, D.I. 5.

3.    The allegations contained in this paragraph are not directed to Prime and no response is required.  Prime does not consent to the jurisdiction of the bankruptcy court for the entry of final orders.

4.    The allegations contained within the corresponding paragraph of Plaintiffs' Complaint are conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, Prime responds that this action is properly venued in the United States District Court for the District of Delaware, as explained in Prime's Motion to Withdraw Reference, D.I. 5.

5.      The allegations contained within the corresponding paragraph of Plaintiffs' Complaint are conclusions of law to which no responsive pleading is required.

### III.     PARTIES

6.      Admitted.

7.      It is admitted only that Welded Construction, L.P. is a Delaware limited partnership.  As to all remaining allegations, despite a reasonable investigation, Prime is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same and demands strict proof thereof at the time of trial.

8.      Despite a reasonable investigation, Prime is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same and demands strict proof thereof at the time of trial.

9.      Admitted.

### IV.     FACTUAL BACROUND

10.      The Subcontract attached to the Complaint as Exhibit 1 is a document that speaks for itself and any characterizations thereof are denied.

11.      The Subcontract attached to the Complaint as Exhibit 1 is a document that speaks for itself and any characterizations thereof are denied.

12.       The Subcontract attached to the Complaint as Exhibit 1 is a document that speaks for itself and any characterizations thereof are denied.

13.      The Subcontract attached to the Complaint as Exhibit 1 is a document that speaks for itself and any characterizations thereof are denied.

14.      The Subcontract attached to the Complaint as Exhibit 1 is a document that speaks for itself and any characterizations thereof are denied.

15.     Admitted.

16.     Admitted.

17.     Admitted.

18.     Despite a reasonable investigation, Prime is without knowledge or information sufficient to form a belief as to truth of the allegations contained within this paragraph of the Complaint and therefore denies the same and demands strict proof thereof at the time of trial.

19.     This paragraph refers to the Subcontract attached to the Complaint as Exhibit 1, which is a document that speaks for itself and any characterizations thereof are denied

20.     Despite a reasonable investigation, Prime is without knowledge or information sufficient to form a belief as to truth of the allegations contained within this paragraph of the Complaint and therefore denies the same and demands strict proof thereof at the time of trial.

21.     Admitted in part, denied in part.  It is admitted only that a third party performed QA/QC on certain films.   All remaining allegations are denied as, despite a reasonable investigation, Prime is without knowledge or information sufficient to form a belief as to truth of those allegations and therefore denies the same and demands strict proof thereof at the time of trial.

22.     It is admitted only that certain x-ray films were determined by Sunoco to be non-conforming.  All remainng allegations are denied.

23.     Admitted.

24.     Admitted.

25.     Despite a reasonable investigation, Prime is without knowledge or information sufficient to form a belief as to truth of the allegations contained within this paragraph of the Complaint and therefore denies the same and demands strict proof thereof at the time of trial.

26.     Despite a reasonable investigation, Prime is without knowledge or information sufficient to form a belief as to truth of the allegations contained within this paragraph of the Complaint and therefore denies the same and demands strict proof thereof at the time of trial.

27.     Despite a reasonable investigation, Prime is without knowledge or information sufficient to form a belief as to truth of the allegations contained within this paragraph of the Complaint and therefore denies the same and demands strict proof thereof at the time of trial.

28.     Despite a reasonable investigation, Prime is without knowledge or information sufficient to form a belief as to truth of the allegations contained within this paragraph of the Complaint and therefore denies the same and demands strict proof thereof at the time of trial.

29.     Despite a reasonable investigation, Prime is without knowledge or information sufficient to form a belief as to truth of the allegations contained within this paragraph of the Complaint and therefore denies the same and demands strict proof thereof at the time of trial.

30.     Despite a reasonable investigation, Prime is without knowledge or information sufficient to form a belief as to truth of the allegations contained within this paragraph of the Complaint and therefore denies the same and demands strict proof thereof at the time of trial.

31.     Despite a reasonable investigation, Prime is without knowledge or information sufficient to form a belief as to truth of the allegations contained within this paragraph of the Complaint and therefore denies the same and demands strict proof thereof at the time of trial.

32.     Despite a reasonable investigation, Prime is without knowledge or information sufficient to form a belief as to truth of the allegations contained within this paragraph of the Complaint and therefore denies the same and demands strict proof thereof at the time of trial.

## V.     CLAIMS

## FIRST CLAIM – BREACH OF CONTRACT

33.     Prime incorporates the preceding paragraphs of its Answers by reference as though the same were more fully set forth at length herein.

34.     The allegations contained within the corresponding paragraph of Plaintiffs' Complaint are conclusions of law to which no responsive pleading is required.

35.     It is admitted only that certain films were determined to be non-confirming.  All remaining allegations are conclusions of law to which no responsive pleading is required.

36.     Denied.

37.     Denied.

38.     Despite a reasonable investigation, Prime is without knowledge or information sufficient to form a belief as to truth of the allegations contained within this paragraph of the Complaint and therefore denies the same and demands strict proof thereof at the time of trial.

39.     Denied.

40.     Despite a reasonable investigation, Prime is without knowledge or information sufficient to form a belief as to truth of the allegations contained within this paragraph of the Complaint and therefore denies the same and demands strict proof thereof at the time of trial.

## SECOND CLAIM – BREACH OF WARRANTY

41.     Prime incorporates the preceding paragraphs of its Answers by reference as though the same were more fully set forth at length herein.

42.     The allegations contained within the corresponding paragraph of Plaintiffs' Complaint are conclusions of law to which no responsive pleading is required.

43.     It is admitted only that certain films were determined to be non-confirming.  All remaining allegations are conclusions of law to which no responsive pleading is required..

44.     Denied.

45.    Denied.

46.    Denied.

47.    Despite a reasonable investigation, Prime is without knowledge or information sufficient to form a belief as to truth of the allegations contained within this paragraph of the Complaint and therefore denies the same and demands strict proof thereof at the time of trial.

48.    Denied.

49.    Despite a reasonable investigation, Prime is without knowledge or information sufficient to form a belief as to truth of the allegations contained within this paragraph of the Complaint and therefore denies the same and demands strict proof thereof at the time of trial.

## FIRST AFFIRMATIVE DEFENSE

Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claim for "acceleration damages" are barred by the Subcontract's limitation on consequential damages.

## THIRD AFFIRMATIVE DEFENSE

Plaintiffs' breach of warranty claim failed for a condition precedent insofar as the Prime's work on the Pipeline had not been completed and no warranty was in effect.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiffs may have failed to mitigate their damages.

## FIFTH AFFIRMATIVE DEFENSE

The actions or inactions of Prime were not the proximate or factual cause of Plaintiffs' claimed damages.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claimed damages are not commercially reasonable.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claimed damages were caused and/or contributed to by a third party over whom Prime had no control.

**GORDON REES  SCULLY MANSUKHANI LLP**

*/s/ Michael C. Heyden, Jr.*
Michael C. Heyden, Jr. (#5616)
1201 N. King Street
Wilmington, DE 19801
D: 302-992-8954
F: 302-724-6444
mheyden@grsm.com

*Attorneys for Defendant Prime NDT Services, Inc.*

Dated:  September 9, 2019